IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAD DONOVAN JAMES, | : | |
| Plaintiff, | : | 1:15-cv-0213 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| MICHAEL D. TAFELSKI, | : | |
| Defendant. | : | |

# MEMORANDUM

## August 19, 2015

Plaintiff, Chad Donovan James ("James"), an inmate currently confined at the United States Penitentiary at Lewisburg ("USP-Lewisburg), Pennsylvania, commenced this *Bivens*[1] action against Defendant Michael Tafelski ("Tafelski"). (Doc. 1).[2]  Presently pending is Defendant's motion (Doc. 13) to dismiss the

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] Inasmuch as the complaint can be construed to include a claim pursuant to The Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, this court lacks jurisdiction.  To bring suit under the FTCA, by statute, a plaintiff must first present his claim to the relevant agency and have his claim rejected before he can bring that claim in an action before the District Court.  The FTCA is a limited waiver of sovereign immunity.  *See* 28 U.S.C. § 2674.  Thus, the statute's limitations on suit are jurisdictional restrictions. *White–Squire v. United States Postal Svc.*, 592 F.3d 453, 456 (3d Cir .2010).
   The FTCA states that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).  The Supreme Court has stated that any

complaint. For the reasons that follow, the motion will be granted based on James' failure to exhaust administrative remedies and the complaint will be dismissed in its entirety.

## I.     STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 2009 U.S. App. LEXIS 12424, *4-5 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A district court ruling on a motion to dismiss generally "relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

---

action seeking tort damages from the United States must be dismissed if the action is filed prior to the exhaustion of the administrative tort remedy. *McNeil v. United States*, 508 U.S. 106, 112 (1993). The Third Circuit, in a non-precedential opinion, has gone further and held that even a subsequent amended complaint, filed after exhaustion of the administrative tort claim, does not cure the jurisdictional infirmity if the original complaint seeking tort damages was filed prior to exhaustion. Hoffenberg v. Provost, 154 F. App'x. 307, 310 (3d Cir. 2005) (finding that "the date of the amended complaint cannot serve as the date the federal suit was 'instituted'.").

It is undisputed that James' Administrative Claim No. TRT-NER-2014-05490, was denied on January 29, 2015, well after the August 22, 2014 filing of his complaint. Consequently, this court lacks jurisdiction over any FTCA claim.

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, the court must then determine whether the complaint states a plausible claim for relief, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679); *see also* 28 U.S.C. § 1915A(b) (directing the court to identify cognizable claims and to dismiss any portion of the complaint that fails to state a claim). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679; FED. R. CIV. P. 8(a)(2).

## II.  FACTUAL BACKGROUND

James alleges that on April 7, 2014, when he got "off of the bus upon arrival to USP Lewisburg," he was placed in "severely too tight" full restraints for twenty-four hours which "caused deep bruises and lacerations to [his] abdomen and nerve damage to [his] wrist continues to shoot stingers through both [his] hands and

fingers. [His] right hand frequently cramp[s] . . .  [He] requests a neurologist." (Doc. 1, pp. 2-3).  He further alleges that "[e]very hour while in restraints for 24 hours, medical and security would come check the restraints to reinforce thier [sic] threat; if [he] did not comply with silence and endure the pain – 24 hour restraints would become 48 hours." (*Id.* at p. 10).

The Federal Bureau of Prisons ("BOP") has an administrative remedy procedure through which inmates can seek formal review of an issue relating to any aspect of his or her confinement.  28 C.F.R. §§ 542.10-542.15.  In order to exhaust appeals under the administrative review procedure, an inmate must first informally present his complaint to staff, and staff is to attempt to resolve the matter.  (Doc. 13-1, ¶ 2, citing 28 C.F.R. § 542.13).  If informal resolution is unsuccessful, then the inmate may raise his complaint with the Warden within twenty calendar days of the date of the incident.  (*Id.* citing 28 C.F.R. § 542.14). If the inmate is dissatisfied with the Warden's response, he may then appeal to the Regional Director within twenty calendar days of the date of the Warden's response.  (*Id.* citing 28 C.F.R. § 542.15).  If the response of the Regional Director is not satisfactory, the inmate may then appeal to the General Counsel of the BOP within thirty calendar days, which office is the final administrative appeal level in the BOP.  (*Id.*)  No administrative appeal is considered to have been fully

exhausted until considered by the BOP's General Counsel.  (*Id.*)

In response to the "Exhaustion of Administrative Remedies" section of the complaint, James "Request[s] Court Exemption (see attached)."  (*Id.* at p. 3). Attached to the complaint is an April 3, 2014 Regional Administrative Remedy Appeal seeking clarification for the "next step remedy appeal" because he had not received responses to two administrative remedies he filed while incarcerated at the United States Penitentiary at Florence (USP-Florence), administrative remedy numbers 770219 and 770221.  (*Id.* at p. 25).  On April 23, 2014, he sent a letter to the "remedy coordinator" at the Northeast Regional Office inquiring about the status of administrative remedy numbers 706981, 747744, 770219, and 770221.  (*Id.* at p. 22).  The administrative remedy clerk informed James that he was unable to respond because he did not have copies, but provided him with the information to submit a Freedom of Information request.  (*Id.* at p. 20).  On May 12, 2014, James notified the "Remedy Coordinator" at USP-Lewisburg, that he was unable to proceed with administrative remedy numbers 747744 (single cell status request while at USP-Florence), and 706981 (failure to have a hearing while incarcerated in the SMU at USP-Florence), because the warden at USP-Florence did not respond to these requests.  (*Id.* at p. 21).  On July 23, 2014, he sent a letter to Regional Counsel requesting single cell status indicating that "there are

extraordinary circumstances now where I am seeking to re-establish freedom from duress and harassment by FBOP staff and inmates placed in my cell who cooperate with staff to obstruct my litigation and due process while I am counsel of record in both the state and federal court who is confined to a cell 24 hrs. in disciplinary housing well beyond the 18 month SMU program prescriptive period, without a serious or legitimate discipline incident report!" (*Id.* at pp. 13-14).  He references administrative remedy number 747744, which contains his request for single cell status.  (*Id.* at 14).  On August 8, 2014, he sent a request for single cell status to the warden at USP-Lewisburg.  (*Id.* at p. 12).

Also attached to the complaint are Administrative Remedy receipts for administrative remedy numbers 770219 and 770221, which involved issues with "phone calls (except legal calls)" at USP-FLorence.  (*Id.* at pp. 26-27).  On April 7, 2014, James was notified that his appeal of administrative remedy number 770219 was rejected because he submitted his appeal to the wrong level.  (*Id.* at p. 23).  Additionally, he failed to provide a copy of the Warden's response and raised more than one incident or issue in that he also included appeals related to administrative remedy numbers 706981, 747744, and 770221.  (*Id.*)  On May 7, 2014, another rejection of the appeal of administrative remedy number 770219 was forwarded to James at USP-Lewisburg.  (*Id.* at p. 28).  At that time he was afforded

the opportunity to resubmit the appeal and to file separate appeals related to 706981, 747744, 770219, and 770221.  (*Id.*)

In the ordinary course of business, requests for administrative review filed by inmates are kept in the BOP's computerized database.  (*Id.* at ¶ 3).  Search of the administrative remedy index revealed the following:

> [S]ince April 7, 2014, the date of the first incident raised in the complaint, inmate James has filed one administrative remedy request/appeal concerning events that were alleged to have occurred at the United States Penitentiary (USP), Lewisburg, Pennsylvania.  Specifically, on October 3, 2014, inmate James filed a Regional Administrative Appeal (Case Number 797112-R1), in which he raised issues relating to the Special Management Unit (SMU).  On October 7, 2014, James' Regional Administrative Remedy Appeal was rejected without a substantive response because he failed to exhaust his available administrative remedies at the institutional level before filing his appeal with the regional office.  He was instructed to file a Request for Administrative Remedy with the Warden. Inmate James' administrative remedy record reflects that since October 7, 2014, he has not filed a single Administrative Remedy Request or Appeal.

*Id.* at ¶ 5.

## III.  DISCUSSION

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions.  *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000).  Specifically, "[n]o action shall be brought with respect to prison conditions . . .

until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the statute's language makes clear, the exhaustion of available administrative remedies prior to filing suit is mandatory. *See Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir.2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.") (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp.2d 884, 894–95 (S.D.N.Y. 1998)). Whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. *See Small v. Camden County*, 728 F.3d. 265, 268 (3d Cir. 2013); *see also Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Woodford v. Ngo*, 548 U.S. 81, 90–92 (2006). It requires compliance with the prison's "deadlines and other critical procedural rules." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v.*

*Bock*, 549 U.S. 199, 211–212 (2007).

It is patently clear that James failed to exhaust available administrative remedies with regard to the issues raised in his complaint. In an effort to excuse the requirement, he argues that his ability to exhaust was obstructed by prison officials. Courts have invariably held that affirmative misconduct by prison officials, designed to impede or prevent an inmate's attempts to exhaust, may render administrative remedies unavailable. *See Todd v. Benning*, 173 F. App'x 980, 982-83 (3d Cir. 2006) (expressing approval of Eighth Circuit's holding in *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001)) that administrative remedies were not available where prison officials "purportedly prevented prisoner from employing the prison's grievance system"). Examples of affirmative misconduct on the part of prison officials include: (1) threatening a prisoner in an attempt to thwart the prisoner's attempts to exhaust, *see Harcum v. Shaffer*, No. 06-5326, 2007 WL 4167161, at *5 (E.D.Pa. Nov.21, 2007) (finding administrative remedies unavailable where prison officials threatened plaintiff with "opposition to his future prerelease application, parole, or outside work detail if he did not withdraw his grievance"), (2) refusing to provide appropriate grievance forms in response to inmate inquiries, *see Mitchell v. Horn*, 318 F3d 523, 529 (3d Cir. 2003), (3) advising an inmate that his or her situation does not require a grievance, *see Brown*

*v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) (finding that administrative remedies were unavailable to plaintiff who had been advised by prison official that he must wait until the end of the prison's investigation before filing a grievance), and (4) failing to file or respond to a prisoner's grievances, *see Camp v. Brennan*, 219 F.3d 279, 280-81 (3d Cir. 2000) (finding that administrative remedies were unavailable where prison officials refused to file plaintiff's grievances regarding their coworkers).

There is no indication that James was prevented or hindered from pursing his administrative remedies. Rather, all indications are that his failure to exhaust is wholly attributable to him.[3] Instead of raising his complaint about the manner in which he was treated upon arrival at the USP-Lewisburg SMU with the Warden at USP-Lewisburg, as required by the BOP procedure, James went directly to the Regional Level. Not surprisingly, the remedy request was promptly rejected. Despite being made aware of the reasons for the rejection, and advised of the steps that were necessary to cure the defect, he took no further action. Consequently, the complaint is subject to dismissal for failure to exhaust available administrative remedies.

---

[3] Notably, any obstruction of the administrative remedy procedure alleged by James relates to remedy requests seeking relief for incidents that took place while he was incarcerated at USP-Florence and bear no relation to the allegations of the complaint at hand.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion (Doc. 13) to dismiss will be granted.

A separate order will enter.